**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 11:54 am, Dec 08, 2016*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>11-10027</u> |
| SHANNON MARIE COVINGTON and | ) | |
| JONATHAN RYAN COVINGTON | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| SHANNON MARIE COVINGTON a/k/a | ) | |
| SHANNON JAMES | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | Number <u>15-01030</u> |
| SANTANDER CONSUMER USA, INC., | ) | |
| CITIFINANCIAL AUTO LTD. | ) | |
| CITIFINANCIAL AUTO CORPORATION, | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

Shannon Marie Covington ("Debtor") filed this adversary seeking an order requiring Santander Consumer USA, Inc., Citifinancial Auto Ltd. and Citifinancial Auto Corporation, (collectively, "Santander") to remit to Debtor the certificate of title to a 2007 Ford Taurus, VIN 1FAFP53U47A211486 (the "Vehicle"), unencumbered by any of Santander's liens. Santander filed a motion for summary judgment contending its lien survived the bankruptcy

discharge and Debtor is not entitled to the relief sought in her complaint. Debtor failed to respond to Santander's summary judgment motion. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and (K) and the Court has jurisdiction under 28 U.S.C. §1334. For the following reasons, Santander's motion for summary judgment is granted.

## UNDISPUTED FACTS

Debtor did not respond[1] to Santander's motion for summary judgment; therefore pursuant to Southern District of Georgia Local Rule 56.1,[2] Santander's Statement of Material Facts are deemed

---

[1]   Santander served its motion for summary judgment on Debtor's attorney on July 12, 2016. Dckt. No. 46. The clerk's office notified Debtor's attorney on July 13, 2016 that a response to Santander's motion for summary judgment was due August 2, 2016 and that the failure to respond may result in "a final judgment entered against you without a full trial or other proceedings." Dckt. No. 51. Debtor did not file a response.

[2]   Pursuant to Federal Rule of Civil Procedure 56(e) when a party fails to address an asserted fact the Court may:

> give the party an opportunity to properly address the fact; consider the fact undisputed for purposes of the motion; grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Southern District of Georiga Local Rule 56.1 states:

Upon any motion for summary judgment pursuant to Rule 56

2

admitted as follows:

>     1. On January 4, 2011, the Plaintiff and
> co-debtor, Jonathan Covington a/k/a Jonathan C.
> Covington (collectively referred to herein as
> "Debtors"), filed a petition under Chapter 13
> of the United States Bankruptcy Code, Case
> Number 11-10027. (Plaintiff's Amended Complaint
> (the "Complaint"), ¶ 1, Bankruptcy Docket No
> 1).

>     2. CitiFinancial Auto Corporation is the
> assignee of that certain Retail Installment
> Sale Contract (the "Contract") dated November
> 21, 2008, between the Debtors and Thomson Motor
> Centre ("Dealer") for the purchase and

---

> of the Federal Rules of Civil Procedure, in addition to
> the brief, there shall be annexed to the motion a
> separate, short and concise statement of the material
> facts as to which it is contended there exists no genuine
> dispute to be tried as well as any conclusions of law
> thereof. Each statement of material fact shall be
> supported by a citation to the record. <u>All material facts
> set forth in the statement required to be served by the
> moving party will be deemed to be admitted unless
> controverted by a statement served by the opposing party</u>.
> Response to a motion for summary judgment shall be made
> within twenty-one (21) days of service of the motion. See
> L.R. 7.5.

S.D. Ga. Local R. 56.1 (emphasis added)(made applicable in bankruptcy cases and proceedings by the Uniformity of Practice Order available at www.gasb.uscourts.gov/usbcLBR.htm#uniformity).

Local Rule 7.5 states in pertinent part:

"Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." S.D. Ga. Local R. 7.5 (applicable to motions for summary judgment in bankruptcy cases and proceedings through incorporation by reference in Local Rule 56.1 in the Uniformity of Practice Order available at www.gasb.uscourts.gov/usbcLBR.htm#uniformity).

financing of a used 2007 Ford Taurus, VIN 1FAFP53U47A211486 (the "Vehicle"). (Affidavit of James DiPaolo ("DiPaolo Aff.") ¶ 5, Exhibit "B").

3. As of the petition date, the Debtors owed $11,661.17 on the Contract. (DiPaolo Aff. ¶ 6, Exhibit "D").

4. The Debtors listed Santander on their Schedule D as a secured creditor with a claim in the amount of $11,144.42 secured by a lien on the Vehicle. (Bankruptcy Docket No. 1).

5. Santander acts as the servicing agent for CitiFinancial Auto, and its duties include receiving and collecting monies owed on contracts and recording and releasing security interests and liens on certificates of title. (DiPaolo Aff. ¶ 4, Exhibit "A").

6. The terms of the Debtors' confirmed Chapter 13 plan required them to repay Santander $5,950.00 plus interest at 4.00% at the rate of $100.00 per month in respect of Santander's secured claim. (Bankruptcy Docket Nos. 2 and 27).

7. [Santander] did not receive any payments from Debtors, or anyone on [Debtors'] behalf, including the chapter 13 trustee, under the Chapter 13 plan. (Defendants' Request for Admissions ¶ 2, DiPaolo Aff. ¶ 7).

8. That the payoff on Santander's claim of lien is $12,167.92, which figure is good through July 25, 2016. (DiPaolo Aff. ¶ 10).

9. Santander retained its lien against the Vehicle because it did not receive payments on the Vehicle. (Defendants' Request for Admissions ¶ 9).

Statement of Material Facts, Dckt No. 48.

Santander filed a proof of claim <u>after</u> the claims bar date expired.  Neither Debtor nor the Trustee filed a claim on behalf of Santander.  Since no timely proof of claim was filed, the claim was deemed disallowed and the Chapter 13 Trustee did not make any distribution to Santander.  Debtor received her discharge after remaining in her bankruptcy for three years.  Debtor has had the use of the Vehicle for these three years and an additional two years since her bankruptcy case was closed in November 2014.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c);[3] <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

---

[3] Pursuant to Federal Rule of Bankruptcy Procedure 7056, Rule 56 of the Federal Rules of Civil Procedure is applicable in bankruptcy adversary proceedings.

5

<u>Celotex</u>, 477 U.S. at 323 (internal quotations omitted). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>First Nat'l Bank of Arizona v. Cities Servs. Co.</u>, 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." <u>Amey, Inc. v. Gulf Abstract & Title, Inc.</u>, 758 F.2d 1486, 1502 (11th Cir. 1985)(citations omitted).

In this case, there are no material facts in dispute as Debtor has not filed a response to Santander's motion for summary judgment. Therefore, the issue is whether Santander is entitled to judgment as a matter of law. <u>United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla.</u>, 363 F.3d 1099, 1101-02 (11th Cir. 2004)(holding that where a party fails to respond to a summary judgment motion, a court must nonetheless consider the merits of the motion). For the following reasons, the Court finds Santander is entitled to summary judgment.

6

In order to determine whether Santander is entitled to summary judgment, the Court must determine if Santander's lien survived Debtor's completion of her chapter 13 plan payments and subsequent discharge. A chapter 13 discharge generally only discharges Debtor's personal liability for debts. 11 U.S.C. §1328(a). A lien must be "provided for by the plan" for encumbered property to pass through the bankruptcy free and clear of that lien. See 11 U.S.C. §1327(b) and (c). Santander asserts its lien survived Debtor's discharge because its claim was not duly "provided for by the plan." The Court agrees.

Pursuant to 11 U.S.C. §1327, confirmation of a chapter 13 plan vests property of the estate in the debtor "free and clear of any claim or interest of any creditor provided for by the plan." See 11 U.S.C. §1327(b) and (c). A chapter 13 plan does not "provide for" a creditor where zero payments are made to the creditor. In re Thomas, 883 F.2d 991, 998 n. 13 (11th Cir. 1989).

As this Court previously noted in In re Thompson, 2014 WL 1330110, at *5-6 (Bankr. S.D. Ga. March 31, 2014):

> A creditor that will not receive any payment under the plan is not "provided for" under the plan. See In re Thomas, 883 F.2d at 998 n. 13 (11th Cir. 1989)(a creditor is not "provided for by the plan" where debtors will make zero payments to creditor and do not intend to turnover collateral to creditor); In re Lee, 182 B.R. at 358 (the creditor "is not 'provided

7

for' by the plan because it will receive no payment on the value of its interest in Debtors' vehicle"); In re Crenshaw, 2012 WL 5430948, at *3 (Bankr. S.D. Ala. Nov. 5, 2012)("[T]o be provided for in a plan, 'the plan must, at a minimum, clearly and accurately characterize the creditor's claim throughout the plan,' and must give specific notice to the creditor if the claim is not fully protected."). . . . [the creditor's] in rem rights were not extinguished at confirmation as the plan does not "provide for" the Vehicles. While the plan does provide to pay [the creditor] the payment amounts are wholly inadequate to provide for full payment of the confirmed value and the plan does not contain specific language voiding the lien of [the creditor]; furthermore, [the creditor] will receive no distribution on the value of its interest in the Vehicles. See In re Thomas, 883 F.2d at 998 (holding "§1327 does not operate to extinguish a lien on property passing through bankruptcy for which no proof of claim is filed."); In re Crenshaw, 2012 WL 5430948, at *3 (confirmation was not res judicata as to creditor's lien where lien was not voided and did not preclude creditor's motion for relief from stay); In re Lee, 182 B.R. at 359 (same).

In re Thompson, 2014 WL 1330110 at *5-6.

        For a secured creditor to be "provided for" in a chapter 13 plan, it must receive plan distributions through its "allowed claim." Id.   In this case, the trustee made disbursements on "allowed claims".   Fed. R. Bankr. P. 3021 (distribution shall be made to creditors whose claims have been allowed).   Santander did not have an "allowed claim" because its claim was untimely and

8

neither the Debtor nor the Trustee filed a claim on Santander's behalf. See 11 U.S.C. §501(c)("[I]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."); Fed. R. Bankr. P. 3004 ("If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable."); see In re Hogan, 346 B.R. 715, 719 (Bankr. N.D. Tex. 2006)(holding that a secured creditor must file a timely proof of claim to receive a distribution under a confirmed chapter 13 plan).  As one treatise explains:

> [I]f a secured creditor does not have an allowed claim because of the absence of a timely filed proof of claim and thus does not receive distributions as the plan promises, no part of the claim is paid in the "cramdown" situation . . . . [C]ourts have concluded that, when a secured creditor who does not receive distributions under a Chapter 13 plan because it does not have an allowed secured claim because of the absence of a timely filed proof of claim, confirmation of the plan does not affect the lien.  Thus, the debtor's property remains encumbered in the 'cram-down' situation . . . so that the creditor . . . will be entitled to exercise its remedies without regard to the terms of the plan upon the completion of plan payments and the debtor's receipt of a discharge (except that personal liability is discharged).

9

Hon. W. Homer Drake, Hon. Paul W. Bonapfel & Adam M. Goodman, Chapter 13 Practice & Procedure §18:2 (2016).

When Debtor obtained her bankruptcy discharge, she may have discharged her personal liability on Santander's claim, but Santander's in rem rights against the Vehicle passed through and survived the bankruptcy. See Dewsnup v. Timm, 502 U.S. 410, 417 (1992)(liens "pass through bankruptcy unaffected"); In re Bateman, 331 F.3d 821, 830 (11th Cir. 2003)(in rem rights pass through the bankruptcy); In re Thomas, 883 F.2d 991, 997 (11th Cir. 1989)(holding that a secured creditor's lien survived a Chapter 13 discharge when it had not been provided for in the plan and the secured creditor had not filed a proof of claim). For these reasons, the Court finds as a matter of law, Debtor is not entitled to a judgment requiring the turnover of the certificate of title unencumbered by Santander's lien, and Santander's Motion for Summary Judgment is ORDERED GRANTED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this __8th__ day of December 2016.